SCHOTT, Judge.
While plaintiff was at work with the Louisiana Highway Department operating a street sweeper the machine was struck by a vehicle insured by State Farm Automobile Insurance Company. After a bench trial in which liability was stipulated plaintiff was awarded $2500 in general damages. In this appeal taken by plaintiff he contends the trial court abused its discretion in the amount of the award and erred in finding that plaintiff’s problems pre-ex- *907 isted the accident, in assigning undue weight to the testimony of one physician over two others, and in failing to penalize defendant for failing to call a physician as a witness.
The accident sued on occurred on August 28, 1984. Plaintiff had suffered injuries in previous accidents, the latest being in September, 1983, and had a medical history of diabetes, hypertension, and back pain. Three physicians testified: Dr. Wagues-pack, a general practitioner, Dr. Bogran, a general surgeon, and Dr. Rauchwerk, an orthopedist. Dr. Waguespack testified as follows: He had been treating plaintiff since 1982 for various problems. Following the September, 1983 accident he treated him for low back pain. By December 2 he was still complaining of back pain with radiation of pain into both legs. The next time plaintiff came to him, in June, 1984, he was still complaining of back pain radiating into his legs, but he thought plaintiff was still able to function in his job. However, after the August, 1984 accident, plaintiff’s condition was worse and he could no longer work. In his opinion the 1984 accident “reactivated or aggravated” his low back pain and rendered him disabled from work. He continued to treat plaintiff for four months after the last accident and none of his problems were resolved.
On the other hand, Dr. Waguespack saw plaintiff on August 6, 1984, just twenty-two days before the accident sued on and plaintiff told him he had worked one-half day on a tractor and had to stop because of a flare up of his back pain. Waguespack spoke with some of plaintiffs supervisors in order to let him return to work in a more sheltered environment. On August 20 after plaintiff had been back at work for one week he told Waguespack he was “considering retiring” and Waguespack signed a form in support of his application for retirement. His diagnosis was “Degenerative disc disease” and the prognosis was “Poor”.
On cross-examination Waguespack stated that plaintiffs pain before and after the August 28, 1984 accident was always the same, this accident “probably aggravated” his previous condition, and his condition “may have been aggravated” by the accident. In a pretrial deposition Dr. Wagues-pack stated “as best I can tell, it probably aggravated his condition but I don’t feel it was a remarkable injury.”
Dr. Rauchwerk testified as follows: He first saw plaintiff after his September, 1983 accident and treated him until May 31, 1984. He had been periodically on disability, a back brace had been prescribed, and he was placed in the hospital in March, where he underwent a nerve block. In the discharge summary the diagnosis was facet joint syndrome, lumbar contusions, back sprain, and mild scoliosis. Rauchwerk recommended he return to work after May, 1984 with restrictions on his working conditions to avoid reinjury which was a clear risk considering his “long standing arthritic condition.” Four days after he returned to work plaintiff returned to Rauchwerk complaining of back problems and reinju-ries. This June, 1984 visit was the last with Rauchwerk until July, 1985 when plaintiff’s then attorney requested a disability evaluation of plaintiff.
When Rauchwerk saw plaintiff in 1985 and until the time of the trial he was unaware that plaintiff had the August, 1984 accident. However, Rauchwerk testified that plaintiff’s condition in July, 1985 was exactly the same as it had been in June, 1984, i.e., no worse at all. In his opinion the August, 1984 accident caused a temporary aggravation of his condition of six weeks duration.
Dr. Bogran treated plaintiff between February and May, 1985. He thought plaintiff’s pain was chronic and that arthritis played a significant role in his problems. He also thought the last accident was the major cause of plaintiff’s problems because he was able to do his job before the accident but not afterwards.
In this court plaintiff contends that Dr. Waguespack’s testimony was entitled to greater weight than it was given because he was the treating physician. He argues that Dr. Rauchwerk was prejudiced against him for forcing him to appear as a witness and he should not have been accorded the same credibility as Waguespack. These arguments are not persuasive. First, when Waguespack’s testimony is an *908 alyzed it is consistent with Rauchwerk’s. The conclusion from both is inescapable that plaintiff was already disabled before the August 28 accident and it caused no significant aggravation in his condition. As to Rauchwerk’s alleged prejudice, plaintiff’s counsel completely developed this theory in his cross examination and it was within the province of the trial judge to assess the doctor’s credibility in the light of his demeanor on the witness stand. No basis exists for this court to find the doctor’s testimony unreliable because of prejudice when the trial court rejected this theory-
Finally, plaintiff argues that he is entitled to some favorable presumption because at defendant’s case in chief its counsel announced that a physician he had subpoenaed would not be called as a witness. Counsel tendered to plaintiff’s counsel a copy of this physician’s report and offered him for cross examination. Plaintiff is entitled to no presumption from these circumstances. As defendants argued in this court they were satisfied that all of the medical evidence plaintiff put on was adequate to give the court all the pertinent facts. There was no need for more medical testimony which would be repetitious.
We find no manifest error in the judgment of the trial court and no abuse of the trial judge’s great discretion in setting quantum. The judgment is affirmed.
AFFIRMED.